CHARLES L. TIMSON *vs.* ANDREW MOULTON & Trustees.

In an action to recover the value of work and labor performed by the plaintiff for the defendant, it being in evidence that the defendant's business, in which the plaintiff was employed, was the selling of rum, brandy, gin, and other spiritous liquors, by the glass; it was held, that it was not to be presumed, without further evidence, that such sales were without license, and therefore unlawful.

THIS was an action of assumpsit, to recover the sum of $67, for work and labor by the plaintiff for the defendant, according to an account annexed to the writ. The plaintiff relied upon the *quantum meruit* count, and the defendant pleaded the general issue, without any specification of defence.

The first witness called by the plaintiff, being interrogated as to the capacity in which the plaintiff was employed by the defendant, stated, that the plaintiff worked in Boston as the defendant's barkeeper. On cross examination, the witness further testified, that the plaintiff's business and employment were to sell rum, brandy, gin and other spiritous liquors for the defendant; that the plaintiff did so sell such liquors for the defendant by the glass; that the plaintiff did not do any thing else about the defendant's house, to the witness's knowledge; the witness being there four or five times a day as a boarder; though, as barkeeper, the plaintiff's duty might be to answer the bell, in the absence of other servants, or to wait upon the table; but the witness did not know of the plaintiff's performing either of these services.

The defendant, thereupon, without introducing any witnesses in defence, contended, that the services rendered by the plaintiff, upon his own showing, were in the illegal sale of spiritous liquors, and that, in the absence of any testimony to this point, the presumption of law was that the plaintiff was not licensed so to sell.

But the judge, (*Mellen*, J.,) before whom the case was tried, ruled and instructed the jury, that the presumption of law was, that the plaintiff and defendant were engaged in a lawful business, and that the only question for their consideration was the amount of damages.

23 *

The jury returned a verdict for the plaintiff, with $41·87, damages, and the defendant alleged exceptions.

*M. S. Chase*, for the defendant.

*J. C. Park*, for the plaintiff.

BY THE COURT. There is no presumption in favor of the defendant, that he had been violating the law, by selling liquors without license. The fact of his being licensed or not was not in the peculiar knowledge of the plaintiff, the mere hired servant of the defendant. If he relied on the illegality of the contract, he should have given some evidence of the fact that rendered it so.

*Exceptions overruled, with double costs for the plaintiff.*